UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALTICOR, INC.,

      Plaintiff,

Case No. 1:07-CV-522

v.

Hon. Richard Alan Enslen

NATIONAL UNION FIRE INSURANCE
COMPANY OF PENNSYLVANIA,

**OPINION**

      Defendant.
_____/

This is an action to enforce a settlement agreement requiring Defendant National Union Fire Insurance Company of Pennsylvania ("National Union") to pay defense costs incurred by Plaintiff Alticor, Inc. ("Alticor") in certain underlying litigation. On August 28, 2008, the Court entered Judgment in favor of Plaintiff in the amount of $439,359.51 plus pre-judgment interest at the rate of 12 percent per annum. The matter now is before the Court on two motions: (1) Plaintiff's Motion to Amend the Judgment to Include Pre-Judgment Interest; and (2) Defendant's Emergency Motion to Approve Supersedeas Bond. For the reasons that follow, the Court will grant both motions.

**I. PLAINTIFF'S MOTION TO AMEND THE JUDGMENT**

Plaintiff moves to amend the Judgment in order to include pre-judgment interest in the amount of $66,323.45, for a total judgment of $505,682.96.[1] Defendant has failed to file a response

---

[1] Plaintiff incorrectly asserts that the original Judgment of $439,359.51 plus pre-judgment interest of $66,323.45 amounts to a total of $506,144.63. However, the total stated in this Opinion and the Amended Judgment, $505,682.96, represents the actual sum of those two numbers.

within the time allowed by law. *See* W.D. MICH. LCIVR 7.3(c) (allowing 14 days for party opposing non-dispositive motion to file a responsive brief).

When the language of a judgment awards pre-judgment interest but leaves the actual calculations to a later time, a plaintiff may move under Federal Rule of Civil Procedure 60(a) to add the pre-judgment interest to the judgment. *See Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 387-88 (6th Cir. 1988). Plaintiff has attached as Exhibit A to its motion a chart showing the calculation of pre-judgment interest on each bill for defense costs from the date on which each became 60 days past due until the date of Judgment, for a total of $66,323.45 of pre-judgment interest. Defendant has not disputed Plaintiff's calculations. Accordingly, the Court will enter an Amended Judgment in the amount of $505,682.96, reflecting the prior judgment of $439,359.51 plus $66,323.45 in pre-judgment interest.

## II.  DEFENDANT'S EMERGENCY MOTION

Defendant National Union has filed a notice of appeal from the Court's August 28, 2008 Judgment awarding Plaintiff $439,359.51 plus pre-judgment interest at the rate of 12% per annum. Under Federal Rule of Civil Procedure 62(d), by giving a supersedeas bond, an appellant may obtain an automatic stay of execution, which becomes effective when the bond is approved by the court. *Id.* Defendant National Union has filed an emergency motion to approve the supersedeas bond it has obtained from The Insurance Company of the State of Pennsylvania ("ICSOP") in the amount of $632,680.78, representing one and one-quarter times the amount of the August 28, 2008 Judgment plus pre-judgment interest. Plaintiff has declined to stipulate to the adequacy of the bond.

The purpose a supersedeas bond is to protect the appellee from the risk that the judgment debtor becomes uncollectible. *See Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D.

Mich. 1998). A party who files a satisfactory supersedeas bond is entitled to a stay as a matter of right under Federal Rule of Civil Procedure 62(d). *See Arban v. West Pub. Co.*, 345 F.3d 390, 409 (6th Cir. 2003).

Plaintiff contends that the bond proffered by Defendant does not provide adequate security for the Judgment because both Defendant National Union and ICSOP are subsidiaries of AIG, Inc. While Plaintiff acknowledges that in normal times the solvency of both Defendant and ICSOP would be presumed, it contends that the present market risks render such a presumption unwarranted. Plaintiff notes that AIG exists today only because of an $85 billion federal bailout and that its stock is worth a small fraction of its former value. In addition, Plaintiff argues that AIG's problems have affected its subsidiaries because AIG recently borrowed $20 billion from those subsidiaries. (Pl.'s Br. in Opp., Ex. D, Dkt. No. 80-5.) Further, Plaintiff contends that AIG pools the resources of its commercial lines of insurance so that the same assets available to pay claims against Defendant National Union are used to back its proposed insurer, ICSOP. (*See* Pl.'s Br. in Opp., Ex. E, Dkt. No. 80-6.)

In support of its motion to approve the supersedeas bond, Defendant attaches the affidavit of Anthony Romano, a Vice President of ICSOP and Senior Vice President of AIGRM Surety. Romano avers that he has access to information concerning AIG's domestic commercial insurance companies. Romano avers that ICSOP and other AIG subsidiaries are financially sound. (Def.'s Br., Ex. 3: Romano Aff. at ¶¶ 1-2, Dkt. No. 78-4.) Romano supports his averments with various financial statements, ratings reports and press releases from numerous state departments of insurance. (*Id.* at ¶¶ 2-33 & Ex. A-EE.) For example, the National Association of Insurance Commissioners ("NAIC") stated in press releases issued on September 17, 2008 that "[t]he federal bailout of the non-insurance

portions of AIG does not negatively change the solvency strength of its insurance subsidiaries . . . ." (*Id.* at ¶ 4 & Ex. C.) Similarly, on September 28, 2008, the New York State Superintendent of Insurance and chair of the working group established to oversee AIG insurance interests and ensure that policyholders of the insurance subsidiaries remain protected stated that "AIG's insurance companies are financially sound, with substantially more assets than they need to pay all valid present and projected claims." (*Id.*) All of the press releases from state insurance departments attached to Defendant's brief indicate that AIG subsidiary insurance companies are bound by state solvency standards that did not bind the federally regulated portion of AIG. (*Id.* & Ex. C-EE.)

On balance, while Plaintiff has identified a general basis for concern about AIG and its subsidiaries, the uniform opinion of state insurance commissioners is that the various insurance subsidiaries of AIG are financially sound and that the insureds of these companies are well protected. As a consequence, the Court concludes that the ICSOP bond is sufficient to protect Plaintiff from the risk that Defendant will become insolvent during the course of the appeal. *Hamlin*, 181 F.R.D. at 351. Accordingly, the bond will be approved.

### III.  CONCLUSION

For the foregoing reasons, the Court will grant both Plaintiff's Motion to Amend the Judgment to Include Pre-Judgment Interest (Dkt. No. 74) and Defendant's Emergency Motion to Approve Supersedeas Bond (Dkt. No. 77). An Amended Judgment consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 27, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |